UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00516-RJC-DSC

| | |
|---|---|
| PAMELA FLETCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Pamela Fletcher's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 8), her Memorandum in Support, (Doc. No. 9); Nancy A. Berryhill's ("Defendant's" or "Commissioner's") Motion for Summary Judgment, (Doc. No. 10), her Memorandum in Support, (Doc. No. 11); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 12), recommending the Court grant Plaintiff's Motion for Summary Judgment and remand the ALJ's decision for further proceedings. Defendant filed a timely Objection to the M&R, (Doc. No. 13), but Plaintiff did not file a Response. The Motion is now ripe for the Court's consideration.

I.  BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as reproduced below.

1

> Plaintiff filed the present action on August 28, 2017. She assigns error to the Administrative Law Judge's (ALJ) formulation of her mental Residual Functional Capacity ("RFC").[1] Plaintiff cites the ALJ's failure to account for her moderate impairment in concentration, persistence or pace other than restrictions in understanding and following simple instructions; sustaining attention long enough to complete simple tasks; performing in an environment with few and infrequent changes; having no interaction with the general public; only brief, superficial interaction with supervisors; occasional interaction with coworkers; and no working in team or tandem tasks. (Tr. 54, 228); Plaintiff's "Memorandum in Support …" at 5-6 (document #9). The parties' cross-Motions are ripe for disposition.

(Doc. No. 12 at 2).

## II. STANDARD OF REVIEW

### A. Review of the Magistrate Judge's Recommendation.

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

B. Review of a Final ALJ Decision under the Social Security Act.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to

weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

III. DISCUSSION

In his M&R, the Magistrate Judge concluded that the ALJ erred in formulating Plaintiff's Residual Functional Capacity ("RFC") in light of her moderate limitation in concentration, persistence, or pace ("CPP"). (Doc. No. 12). The Magistrate Judge found that the ALJ violated the rule set forth in Mascio v. Colvin, 780 F.3d 632, 639–40 (4th Cir.2015), when he,

> accounted for Plaintiff's moderate impairment in maintaining concentration, persistence or pace only with restrictions for understanding and following simple instructions; sustaining attention long enough to complete simple tasks; performing in an environment with few and infrequent changes; having no interaction with the general public; only brief, superficial interaction with supervisors; occasional interaction with coworkers; and no working in team or tandem tasks.

(Id. at 5). Defendant objected to the Magistrate Judge's M&R, arguing that "under the correct law, the RFC in this case reasonably accounts for Plaintiff's difficulties in the broad functional area of [CPP]." (Doc. No. 13 at 3). Specifically, Defendant argues that "[t]he ALJ … made an RFC finding as to Plaintiff's ability to sustain attention,

finding that she could maintain attention long enough to complete simple tasks." (Id.).

An RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." S.S.R. 96-8p. By now, it is well-established that "the ability to perform simple tasks differs from the ability to stay on task." Mascio, 780 F.3d at 638. "Only the latter limitation would account for a claimant's limitation in [CPP]." Id. Therefore, limiting a claimant's RFC to simple, routine tasks or unskilled work does not *alone* address moderate limitations in that claimant's CPP. The ALJ does not explicitly include "simple, routine, repetitive tasks" in Plaintiff's RFC, but states Plaintiff has the ability to "understand and follow simple instructions, sustain attention long enough to complete simple tasks, and perform in an environment with few and infrequent changes."[2] (Tr. 54).

Defendant argues that the ALJ's phrase "sustain attention long enough to complete simple tasks" adequately addresses Plaintiff's ability to stay on task. (Doc. No. 13 at 3). The Court disagrees. While this phrase mentions Plaintiff's ability to

---

[2] The ALJ's full mental RFC determination stated,

> the claimant can understand and follow simple instructions, sustain attention long enough to complete simple tasks, and perform in an environment with few and infrequent changes; the claimant should have no interaction with the general public, and only brief superficial interaction with supervisors; and the claimant should have only occasional interaction with coworkers, and no work in team or tandem tasks.

(Tr. 53–54).

sustain attention, it does so only in relation to completing simple tasks, not completing simple tasks for an entire work day, five days a week. See S.S.R. 96-8p (defining "regular and continuing basis" for the purposes of an RFC to "mean[ ] 8 hours a day, for 5 days a week, or an equivalent work schedule."). "Sustain attention long enough to complete simple tasks" does little more than limit a plaintiff to simple tasks. After all, a claimant must be able to "sustain attention long enough to complete simple tasks" in order to be eligible for a limitation of simple, routine, repetitive tasks. If the Court were to accept Defendant's argument, it would necessarily sanction the application of simple, routine, repetitive tasks to adequately address moderate limitations in CPP—a practice explicitly prohibited in Mascio.

Acknowledging that the ALJ limited Plaintiff to jobs with simple instructions, simple tasks, and infrequent changes, the question becomes whether these limitations, on their face, properly address a moderate limitation in CPP. The Court concludes they do not. Courts in the Fourth Circuit have held that a moderate limitation in CPP is adequately addressed by limiting a plaintiff in both pace and simple routine, repetitive tasks.[3] Courts have therefore found that pace addresses a

---

[3] See, e.g., Sizemore v. Berryhill, 878 F.3d 72, 81 (4th Cir. 2017); Gill v. Berryhill, No. 317-CV-00430FDWDSC, 2018 WL 2107196, at *4 (W.D.N.C. May 7, 2018); Jarek v. Colvin, 3:14-CV-620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Feb. 16, 2016) aff'd by 2017 WL 129024 (4th Cir. Jan. 13, 2017) (concluding that recommendations to performance of "simple, routine, repetitive" tasks "not at an assembly line pace" adequately account for a moderate limitation in concentration, persistence, and pace).

claimant's ability to stay on task.[4] Infrequent changes in the work environment may account for Plaintiff's concentration and persistence, but it does not address pace.[5]

Because the RFC fails to address pace or the ability to stay on task on its face, the Court next turns to the ALJ's function-by-function analysis to determine if the ALJ properly explained why such a limitation is not needed. Mascio, 780 F.3d at 638 ("Perhaps the ALJ can explain why Mascio's moderate limitation in [CPP] at step three does not translate into a limitation in [the plaintiff's] residual functional capacity."). The Court finds that the opinion lacks sufficient explanation. Indeed, the ALJ's most in-depth analysis of Plaintiff's CPP occurred while assigning the moderate limitation itself. Even then, however, the ALJ focused on Plaintiff's concentration and attention rather than his limitations (or lack thereof) in pace. (Tr. 53) ("Contemporaneous treatment notes do not describe significant deficits in

---

[4] Carroll v. Berryhill, 5:16-CV-218, 2018 WL 1913587, at *2 (W.D.N.C. Apr. 23, 2018) (finding that the RFC "does not address Plaintiff's pace—her ability to stay on task."); Grant v. Colvin, 1:15CV00515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016) ("Where, as here, the ALJ has included a specific restriction that facially addresses 'moderate' . . . limitation in the claimant's ability to stay on task, i.e., a restriction to 'non-production oriented' work, Mascio does not require further explanation by the ALJ, at least absent some evidentiary showing by the claimant . . . that he or she cannot perform even non-production-type work because of his or her particular CPP deficits.").

[5] See Weeks v. Colvin, 5:14-CV-155-D, 2015 WL 5242927, at *2 (E.D.N.C. Sept. 8, 2015) (finding the limitations of "performing simple, routine, repetitive tasks with only occasional contact with the general public in an environment with few workplace changes" addressed concentration and persistence, but not moderate difficulties with pace); Linares v. Colvin, 5:14-CV-00120, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015) (finding that the ALJ accounted for a claimant's limitation in concentration and persistence "by restricting her to a stable work environment with only occasional public contact" and accounted for her limitation in pace through restricting her to jobs with nonproduction pace).

attention, concentration, or focus. Indeed, mental status examinations have remained generally normal.").

In making his RFC determination, the ALJ afforded great weight to the opinions of two non-examining State agency physicians. (Tr. 56). Both opinions found moderate limitations in Plaintiff's "[a]bility to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Tr. 254, 275). When prompted to narratively explain their conclusions, both opinions stated, "[Plaintiff] may have difficulty with attention for detailed tasks, but would be able to sustain attention for simple tasks." (Tr. 255, 275). The Court finds that, while the ALJ relied on these State agency opinions, they themselves fail to address pace despite explicitly assigning a moderate limitation in performing at a consistent pace. The ALJ's opinion reflects the findings of the State agency opinions and therefore reflects those decisions' inconsistencies.

## IV. CONCLUSION

Upon review, the Court finds that the Magistrate Judge correctly recommended the Court to remand this case pursuant to Mascio v. Colvin. The ALJ failed to address Plaintiff's moderate limitation in CPP within the RFC. Specifically, the ALJ did not mention Plaintiff's pace and why such a limitation should or should not be included in the RFC.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 8), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 10), is **DENIED**;

3. This case is remanded pursuant to Sentence Four of 42 U.S.C. § 405(g); and

4. The Clerk of Court is directed to close this case.

Signed: August 15, 2018

Robert J. Conrad, Jr.
United States District Judge